**SIGNED.**

Dated: June 08, 2005



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| OSCAR M. CONTRERAS and | ) | CASE NO. 2:04-21586-RJH |
| ROSA A. CONTRERAS, | ) | |
| | ) | MEMORANDUM DECISION ON |
| Debtors. | ) | SANDOLLAR MOTION TO DISMISS |
| | ) | FOR LACK OF ELIGIBILITY |
| | ) | |
| _____ | ) | |

Sandollar Insurance Company has moved to dismiss this case on the ground that the Debtors' unsecured debts exceed the $307,675 cap imposed by § 109(e). Debtors respond the motion should be denied because: (1) the funds represented capital invested in a business known as BMR Business Association, rather than a loan to the Debtors; (2) the debt should be treated as a secured debt due to a security agreement executed by BMR Business Associates; and (3) the debt is not liquidated.

It is true that as respects BMR Business Associates, the funds may represent invested equity capital rather than a loan. But the promissory note of December 2001, executed by the Debtors in their individual capacities, makes unequivocally clear that the Debtors are individually responsible to repay the funds advanced. The funds could not be regarded as an equity investment in individual debtors. Consequently as to these individual Debtors, the funds advanced represent a debt in this individual bankruptcy case, rather than an equity interest.

Although BMR may have granted a security interest to secure the funds advanced, Debtors have not made a case demonstrating that any of the assets securing that advance are property of this estate. Thus while the debt may have been secured by BMR, it was not secured by these Debtors. For example, there is no separate security interest executed by

these Debtors securing their obligations under the guarantee. Consequently as to these individual Debtors, the debt is properly deemed an unsecured debt.

Finally, the debt, whatever it is, is liquidated. The amount is readily ascertainable by calculating the total amount Sandollar advanced pursuant to the promissory note, and subtracting the total amount it received in return. This is the kind of calculation that can readily be made at a simple hearing, and therefore renders the debt liquidated. *In re Ho*, 274 B.R. 867 (9th Cir. BAP 2002).

It therefore remains to be determined whether the amount of the liquidated unsecured debts exceeds the cap of $307,675. Sandollar has filed an affidavit reciting that it advanced a total of $419,000 and received in return a total of $70,000, leaving a balance of $349,000, which alone exceeds the cap.

The affidavit of Debtor Rosa Contreras agrees with those investments and the recovery of $70,000 from the corporate bank account but in addition alleges additional repayments of $100,000 "in a check drawn on one of the corporations" and "approximately $42,000." If true, those repayments take the debt below the cap provided by § 109(e).

It is therefore necessary to have a brief evidentiary hearing limited to a determination of whether those $100,000 and $42,000 payments were ever made.

IT IS ORDERED scheduling that evidentiary hearing for June 21, 2005, at 10:00 a.m., in Courtroom 603, 230 North First Avenue, Phoenix, Arizona. Parties shall exchange a list of witnesses and copies of all documents that are relevant to the issues to be tried (including, **but not limited to**, those documents the party intends to introduce at trial), no later than three business days prior to the hearing date.

DATED AND SIGNED ABOVE

Copy of the foregoing faxed this
8th day of June, 2005, to:

Dennis J. Wortman, Esq.
2700 North Central Avenue, Suite 850
Phoenix, AZ 85004
Attorney for Debtors
Fax: (602) 776-4544

| | |
|---|---|
| 1 | Michael E. Neumann, Esq.<br>DeConcini McDonald Yetwin & Lacy, P.C. |
| 2 | 2025 North Third Street, Suite 230<br>Phoenix, AZ 85004 |
| 3 | Attorneys for Sandollar Insurance Company, Ltd.<br>Fax: (602) 282-0520 |
| 4 | |
| 5 | Scott Lieske, Esq.<br>P. O. Box 33970<br>Phoenix, AZ 85067-3970 |
| 6 | Attorney for Russell Brown, Chapter 13 Trustee<br>Fax: (602) 253-8346 |
| 7 | |
| 8 | /s/ Pat Denk<br>Judicial Assistant |

SIGNED